People v Black (2025 NY Slip Op 51946(U))



[*1]


People v Black (Dawine)


2025 NY Slip Op 51946(U) [87 Misc 3d 133(A)]


Decided on December 11, 2025


Appellate Term, First Department


Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and will not be
published in the printed Official Reports.



Decided on December 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.



570218/22

The People of the State of New
York, Respondent,
againstDawine Black,
Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Rachel S. Pauley, J.), rendered April 4, 2022, convicting him, after a
plea of guilty, of petit larceny and imposing sentence.




Per Curiam.
Judgment of conviction (Rachel S. Pauley, J.), rendered April 4, 2022, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency
of the accusatory instrument must be assessed under the standard required of a
misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So
viewed, the instrument was jurisdictionally valid. Allegations that defendant was
observed walking out of a store holding items of merchandise, including sweaters that he
did not pay for, established reasonable cause to believe that defendant was guilty of petit
larceny (see Penal Law § 155.25; People v Olivo, 52 NY2d 309,
318-319 [1981]; People v
Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093
[2017]). The store owner's identification of defendant as the perpetrator was based upon
her personal observation of defendant and was nonconclusory. Any further challenge to
the identification of defendant was a matter to be raised at trial, not by insistence that the
instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569,
577 [2004]).
With respect to the plea allocution, defendant is correct that the court factually
allocuted him to fifth-degree criminal possession of stolen property, rather than petit
larceny. However, defendant states that the only relief he seeks is dismissal of the
accusatory instrument rather than vacatur of the plea, and he expressly requests that we
affirm the conviction if we do not grant a dismissal. Since we do not find dismissal to be
an appropriate remedy, we affirm (see People v Conceicao, 26 NY3d 375, 385 n
[2015]; People v Teron, 139
AD3d 450, 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: December 11, 2025









